IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTEN BROWN,           *

    Plaintiff,           *

      v.          *        Civil Action No. RDB-15-1288

BALTIMORE CITY POLICE    *
DEPARTMENT, *et al.*,
                          *

    Defendants.
                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

Plaintiff Christen Brown ("Plaintiff" or "Brown") has brought this action against Baltimore City Police Officer Latisha[1] Adams ("Officer Adams"), individually and in her official capacity; the Baltimore City Police Department ("BPD"); and Baltimore City Police Commissioner Anthony W. Batts ("Commissioner Batts"), in his official capacity (collectively "Defendants"), alleging violations of her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983") (Count I) and *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978) (Count II); violations of her rights under Article 24 of the Maryland Declaration of Rights (Count III); False Arrest (Count IV); False Imprisonment (Count V); Malicious Prosecution (Count VI); Intentional Infliction of Emotional Distress (Count VII); Pattern or Practice of Improper Conduct (Count VIII); Negligence (Count IX); Conversion (Count X); a "violation of Plaintiff's freedom from unreasonable searches and seizures guaranteed by Article 26" of the Maryland Declaration of Rights (Count XI); a

---

[1] In the Complaint, Brown names Officer "Latisaha" Adams as a Defendant. Compl., p. 1, ECF No. 2. However, Officer Adams spells her first name "Latisha*." See, e.g.,* Def.'s Response, p. 1, ECF No. 12.

"violation of Plaintiff's right guaranteed by Article 24 [of the Maryland Declaration of Rights] to be free from deprivation of property without due process" (Count XII); and Battery (Count XIII).[2]  Compl., p. 8-27, ECF No. 2. Currently pending before this Court are Defendants BPD and Commissioner Batts' Motion to Dismiss (ECF No. 4) and Plaintiff's Motion to Remand (ECF No. 11).  This Court has jurisdiction based on the allegations of a federal question under 28 U.S.C. § 1331. *See* Not. of Removal, ¶ 4, ECF No. 1.  The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).  For the reasons stated below, Plaintiff's Motion to Remand (ECF No. 11) is GRANTED IN PART and DENIED IN PART.  Specifically, this case will be remanded to the Circuit Court for Baltimore City, Maryland, but Plaintiff is not awarded attorneys' fees. Consequently, Defendants BPD and Commissioner Batts' pending Motion to Dismiss (ECF No. 4) is MOOT.

## **BACKGROUND**

Plaintiff Christen Brown ("Plaintiff" or "Brown") filed the instant Complaint on March 9, 2015 in the Circuit Court for Baltimore City, Maryland.  *See* Not. of Removal, ¶ 1, ECF No. 1.  Brown's claims arise out of an incident that allegedly occurred on July 13, 2013 between Brown, Officer Latisha Adams ("Officer Adams"), and other Baltimore City Police Officers.  Compl., ¶ 9-37, ECF No. 2.  Brown claims that Officer Adams approached her automobile because Brown was filming police activity with her cell phone.  *Id.* at ¶ 14-17.

---

[2] Brown's claims arise out of an incident that allegedly occurred on July 13, 2013 between Brown, Officer Adams, and other Baltimore City Police officers.  Compl., ¶ 9-37, ECF No. 2.  Brown claims that Officer Adams approached her automobile because she was filming police activity with her cell phone.  *Id.* at ¶ 14-17. According to Brown, Officer Adams reached into her car and grabbed her phone.  *Id.*  Later, Brown alleges, Officer Adams and at least one other officer ripped Brown out of her vehicle, arrested her, and did not return her phone, "all without probable cause."  *Id.* at ¶ 21-25.

According to Brown, Officer Adams reached into her car and grabbed the phone. *Id.* Later, Brown alleges, Officer Adams and at least one other officer ripped Brown out of her vehicle, arrested her, and did not return her phone, "all without probable cause." *Id.* at ¶ 21-25.

Defendants Baltimore City Police Department ("BPD") and Baltimore City Police Commissioner Anthony W. Batts ("Commissioner Batts") were served with copies of the summons and Complaint on March 18, 2015. *See* Affs. of Service, ECF No. 11-2. Officer Adams was served with a copy of the summons and Complaint on March 31, 2015. *See* Aff. of Service, ECF No. 11-3. Subsequently, on May 5, 2015, Defendant Latisha Adams filed a Notice of Removal to this Court (ECF No. 1).[3] Subsequently, Defendants BPD and Commissioner Batts filed a Motion to Dismiss the Complaint (ECF No. 4), and Plaintiff filed a Motion to Remand (ECF No. 11), objecting that Defendants' removal was untimely and requesting attorneys' fees "incurred as a result of the removal." *See* Mem. in Support of Pl.'s Mot. to Remand, p. 2, ECF No. 11-1.

## ANALYSIS

### I.   Defendants' Notice of Removal was Untimely

"[A] notice of removal of a civil action or proceeding shall be filed within <u>30 days</u> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within <u>30 days</u> after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

28 U.S.C. § 1446(b)(1) (emphasis added). Courts are "obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Additionally, "[d]oubts about

---

[3] All Defendants consented to the removal. *See* Not. of Removal, ¶ 8, ECF No. 1.

the propriety of removal should be resolved in favor of remanding the case to state court." *Kelly v. JP Morgan Chase, National Association*, No. TDC-15-1115, 2015 WL 9183428, at *1 (D. Md. Dec. 17, 2015).

In the present case, Plaintiff objects to Defendants' removal as untimely.  The Notice of Removal was filed 35 days after Officer Adams was served and 48 days after Commissioner Batts and the BPD were served, well in excess of Section 1446(b)(1)'s thirty-day deadline.  *See* Affs. of Service, ECF Nos. 11-2, 11-3.  Officer Adams "acknowledges that her Notice of Removal was [filed] . . . outside of the 30-day period set forth in 28 U.S.C. § 1446."  Def.'s Response, ¶ 3, ECF No. 12.  She does not contest remand, but rather "acknowledges Plaintiff's right to object to removal and remand the case to the Circuit Court for Baltimore City," given that removal "was untimely."  *Id.* at ¶ 5.  Therefore, Plaintiff's Motion to Remand (ECF No. 11) is GRANTED with respect to her request for remand of this case.   Accordingly, this case is remanded to the Circuit Court for Baltimore City, Maryland.[4]

## II.   Plaintiff is Not Awarded Attorneys' Fees

A remand order may require the payment of attorneys' fees "incurred as a result of the removal."  28 U.S.C. § 1447(c).  Attorneys' fees should only be awarded under Section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such

---

[4] Given that this case is now remanded to the Circuit Court for Baltimore City, Maryland, Defendants BPD and Commissioner Batts' Motion to Dismiss (ECF No. 4), currently pending in this Court, is MOOT.

an award." *Cohn v. Charles*, 857 F. Supp. 2d 544, 549-550 (D. Md. 2012).  In this case, while removal was untimely, Defendants did not "lack[] an objectively reasonable basis for seeking removal."  On the contrary, if Plaintiff had failed to object to the removal as untimely within thirty days, or had opted to waive removal, the present case may have remained in this court. In cases " 'where remand would be justified by a defect in removal other than a lack of subject matter jurisdiction, the defect must be asserted by a party's motion to remand filed within 30 days.' "  *Almutairi, et al. v. Johns Hopkins Health System Corp.*, et al., No. ELH-15-2864, 2016 WL 97835, at *3 (D. Md. Jan. 8, 2016) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196-97 (4th Cir. 2008)).  Additionally, " 'A motion to remand the case because of a defect in removal procedure must be made within 30 days after filing the notice of removal. 28 U.S.C. § 1447(c). An untimely removal is a defect in removal procedure.' " *Id.* (citing *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994)).  " 'After the expiration of the 30-day period following the filing of the removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived. The expiration of this time period bars both a motion to remand (for nonjurisdictional defects) by any of the parties and a *sua sponte* remand on such grounds by the district court.' "  *Id.* (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3739, at 804-815 (4th ed. 2009 & Supp. 2015)).  Therefore, given that Defendants had an objectively reasonable basis for filing a Notice of Removal, Plaintiff is not awarded attorneys' fees incurred as a result of the removal of this case.  Accordingly, Plaintiff's Motion to Remand is DENIED with respect to her request for attorneys' fees.

## **CONCLUSION**

For the reasons stated above, it is this 11th day of January, 2016, ORDERED that:

1.    Plaintiff's Motion to Remand (ECF No. 11) is GRANTED IN PART and DENIED IN PART.  Specifically, this case will be remanded to the Circuit Court for Baltimore City, Maryland, but Plaintiff is not awarded attorneys' fees;

2.    Defendants BPD and Commissioner Batts' Motion to Dismiss (ECF No. 4) is MOOT;

3.    This case be and it hereby is remanded to the Circuit Court for Baltimore City, Maryland;

4.    The Clerk of Court forthwith transmit a certified copy of this Order and the record in this case to the Clerk of the Circuit Court for Baltimore City, Maryland;

5.    The Clerk of the Court transmit a copy of this Memorandum Order to Counsel; and

6.    The Clerk of the Court CLOSE this case.

_____/s/_____
Richard D. Bennett
United States District Judge

6